IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ALEXANDER CHIU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 08-4002-CV-C-NKL |
| AMERICAN BUILDERS & | ) |
| CONTRACTORS SUPPLY CO., INC., | ) |
| d/b/a ABC SUPPLY CO., INC. | ) |
| | ) |
| Defendant. | ) |

**ORDER**

In this removal action, Plaintiff Alexander Chiu requests leave to amend his complaint [Doc. # 9], adding two plaintiffs and one defendant. Defendant American Builders & Contractors Supply Co. ("ABC") opposes the motion, stating that the additional plaintiffs do not have causes of action that arise out of the same occurrences or facts, and that the additional defendant is not proper under the Missouri Human Rights Act ("MHRA") and would defeat diversity. Chiu has also moved to remand the action to Missouri state court [Doc. # 10].

ABC has yet to file an answer in this case. Chiu may amend his pleading once as a matter of course without leave of Court prior to ABC's answer. *See* Fed. R. Civ. P. 15(a). The Court recognizes that there is some dispute among courts regarding whether, in situations like this, Rule 15(a) or Rule 21 applies. *See* Charles Alan Wright *et al.*, Federal

1

Practice & Procedure § 1479 (listing cases). Still, this Court concludes it is better practice, under the federal rule's liberal amendment standards, to place primacy on Rule 15(a), and allow plaintiffs to amend as a matter of course before defendants have filed a responsive pleading. *See United States ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018-19 (10th Cir. 1994) (holding district court erred in applying Rule 21 over Rule 15(a), explaining that "[b]ecause the amendment was made before defendants had filed a responsive pleading, plaintiffs were entitled to the amendment as a matter of right").

Further, ABC argues that the added defendant–the individual allegedly responsible for committing the discriminatory acts–is improper because an individual cannot be sued under the MHRA. The Court notes, however, that ABC cites only decade-old Eighth Circuit caselaw; more recent Missouri caselaw specifically states that an individual may be sued under the MHRA. *See, e.g., Brady v. Curators of Univ. of Mo.*, 213 S.W.3d 101, 112-13 (Mo. App. 2006) (rejecting *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377 (8th Cir. 1995), and finding "that the plain and unambiguous language within the definition of 'employer' under the MHRA imposes individual liability in the event of discriminatory conduct"). Additionally, ABC contends that a defendant may not be added if it would destroy diversity. That, however, is not the law in removal cases. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court *may* deny joinder, or permit joinder and remand the action to the State Court." (emphasis added)).

The addition of the individual defendant, who is a Missouri resident, destroys

complete diversity. The Court rules that the added defendant is necessary to a complete and just adjudication of Chiu's claims. Plaintiff has not been dilatory in seeking this amendment, as it was made less than a month after the case was removed and less than two months after the initial action was commenced in state court. Moreover, it is not dilatory because the amendment was made before ABC filed its answer. Therefore, having a lack of subject matter jurisdiction, the Court remands this case back to the Circuit Court of Boone County, Missouri.

Accordingly, it is hereby

ORDERED that Plaintiff Alexander Chiu's Motion to Amend Petition and for Leave to Join Additional Parties [Doc. # 9] is DENIED AS MOOT. Under Federal Rule of Civil Procedure 15(a), Plaintiff Chiu may amend his petition once as a matter of course before Defendant ABC has filed its answer. As Defendant ABC has not filed an answer, the amended petition attached to Chiu's motion is deemed filed. It is further

ORDERED that Plaintiff Chui's Motion to Remand to State Court [Doc. # 10] is GRANTED. This case is remanded to the Circuit Court of Boone County, Missouri.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 1, 2008
Jefferson City, Missouri